156

SATURNINO PEROCIER ET UX., Appellants, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 917. Submitted March 9, 1934.—Decided July 11, 1934.

*Enrique Báez García* for appellants. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In an action for debt brought before the Municipal Court of Mayagüez by Baudilia Ramírez, as mother with *patria potestas* over the minors Guillermo, Carmen Socorro, Rafael Julio, Inés Rita and Carmen María Sosa Ramírez, against Saturnino Perocier and wife, the following order was issued to the registrar of property of the district:

"WHEREAS: In the instant case this Municipal Court on June 9, 1933, entered judgment for plaintiffs Guillermo, Carmen Socorro, Rafael Julio, Inés Rita and Carmen María Sosa Ramírez and upon a writ of execution being issued to the marshal of this court, this

officer, on July 28 of the same year sold at public auction to said plaintiffs for the sum of $100 all the rights, interest and title that the defendants had in the urban property which shall be described, executing the corresponding marshal's deed under No. 121 dated July 31, 1931, before Notary Public Sixto Charneco Murillo, which was recorded in the Registry of Property at folio 204 of volume 222 of Mayagüez, property No. 4581, Duplicate, 5th record.

"WHEREAS, The property sold is described as follows: (a lot of 222 square meters with a one-story frame house is described).

"WHEREAS: This Court, by a ruling dated August 23, 1933, which is final, on motion of the defendants declared the summons served in said case to be null and without legal effect, and in consequence thereof it also adjudged null and void all the proceedings, judgments, orders, and so forth, which were rendered in the suit subsequent to and as a consequence of the service of summons made in said case.

"WHEREAS: By virtue thereof, the defendants, with the consent of the plaintiffs, moved to annul also the marshal's deed and its record in the registry, and prayed for the cancellation of said record in order to restore the status quo, and the Court ordered as follows:

" 'In view of the motion of the defendants and of the consent of the plaintiffs, the Court declares that marshal's deed No. 121, dated July 31, 1933, and executed before Notary Sixto Charneco Murillo, is NULL, and that its record in the registry of property made at folio 204 of volume 222 of Mayagüez, property No. 4581, Duplicate, 5th record is also NULL, and decrees the cancellation of said record, and orders the clerk to issue the corresponding writs, in duplicate and with the necessary insertions, to the registrar of property of Mayagüez so that the proper cancellations be made in the books in his care.—Mayagüez, P. R., February 1, 1934.—Signed: C. R. Colón, Municipal Judge. Mayagüez.'

"THEREFORE: You, the registrar of property of Mayagüez are hereby requested to make the cancellation ordered by the Court."

The registrar refused to make the cancellation on the following grounds:

"Because said Municipal Court lacked jurisdiction over the subject matter to order the cancellation of the record embodied in said writ, inasmuch as matters related to property of children are governed by the provisions of the Civil Code, and the cancellation of records by the Mortgage Law and its Regulations and therefore such

matters come under the exclusive jurisdiction of the district courts, for which reason the said order is null and has no legal effect whatsoever. Section 229 of the Civil Code and *Marrero* v. *Registrar*, 32 P.R.R. 818.''

Saturnino Perocier took the present administrative appeal.

To sustain his decision the registrar says in his brief that it appears from the Registry that the property in question was mortgaged to secure the sum of $500 in favor of the minors, which mortgage was cancelled by merger, because of the sale annulled.

He adds that from the record of the suit which was taken to him by notary Charneco Murillo, it appears that the nullity was decreed by the municipal court on August 23, 1933; the defendants were summoned again and the court again rendered judgment for plaintiffs on December 15, 1933, a judgment *nunc pro tunc* which he considers cured the defects which that of June 9, 1933, might have had and which became final because, taken on appeal to the district court, the appeal was dismissed and the case remanded to the municipal court for further proceedings.

If the entries in the Registry and the record of the suit to which the registrar refers, could be considered, the issues raised by him might perhaps require some analysis, but such entries and records have not been brought to this court in authentic form, and therefore they can not be taken into consideration.

We could obtain the entries of the register by issuing an order in furtherance of justice (*auto para mejor proveer*) and there might, perhaps, be some means to get the record of the suit. However, we are not convinced that the justice of the case requires the adoption of any extraordinary measure for that purpose.

In our judgment, and deciding the case from what appears from the writ itself, the jurisdiction of the municipal court is clearly established. The minors came before said court to exercise their rights, judgment for them was entered

in an action for debt, and it was before this court that the defendants in said action could and ought to appear praying that the judgment be vacated. If the municipal court acted with jurisdiction in rendering its judgment, it is clear that it also acted with jurisdiction in nullifying t.

The vacating of the execution judgment under which the sale to the minors was made and recorded, produces the nullity of the sale of its record. That being so, the consent of the plaintiffs can not be construed as meaning that they agreed to the sale of real property, for which, as it belonged to minors, the authorization of the district court would have been necessary, according to Section 229 of the Civil Code (Sec. 159 in the 1930 ed.) which the registrar cites in his decision.

██ The case of *Marrero* v. *Registrar,* 32 P.R.R. 818, which is also cited by the registrar, is not applicable because in the case before us no cancellation of a mortgage was prayed from the municipal court. It is true that if the property sold was mortgaged, when the sale was recorded in favor of the mortgage creditor, the record of the mortgage would be cancelled by merger, that does not mean however, that the suit was brought to cancel a mortgage lien. It was an action in debt and as the municipal court had jurisdiction thereof, such jurisdiction extends to the adoption of the necessary remedies for its effectiveness. Therefore, if the sale made by virtue of the judgment of the municipal court is declared null, and if the property sold was mortgaged, the mortgage revives.

The decision appealed from must be reversed.